UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAKE POINT ADVISORY GROUP, LLC, LAKE POINT WEALTH MANAGEMENT, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:19-CV-2407-X |
| CHRIS MASSENBURG, JOHN LAWTON, and STEWART FIELDS, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Chris Massenburg and John Lawton's motions to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) [Doc. Nos. 19 & 20]. The Court **GRANTS** both motions to dismiss under Rule 12(b)(3) for improper venue and **DISMISSES** all claims against Massenburg and Lawton **WITHOUT PREJUDICE**.

I.

The Employee Employment and Confidentiality Agreements between the plaintiffs and defendants contain a forum selection clause that states:

> **8.8 Governing Law.** This Agreement is to be governed and construed in accordance with the laws of Texas, without regard to its conflict of law principles. Any dispute arising in any manner under this Agreement is to be brought or commenced in federal or state court located in Rockwall County, Texas.[1]

---

[1] *Appendix of Exhibits to Defendants' Motion to Dismiss* [Doc. No. 19], Exhibit A (Employee Employment and Confidentiality Agreement), at Appx. 51.

1

Both Massenburg and Lawton assert that the plain language of this clause is controlling. The plaintiffs argue in their response to Massenburg and Lawton's motion that because the clause mentions a federal court, this Court should ignore the words "located in Rockwall County, Texas" or find an ambiguity with the words "located in," and construe this clause to mean all litigation be commenced in a court encompassing Rockwall County, Texas.

## II.

In the Fifth Circuit, a party who moves to dismiss based on a forum selection clause must bring the motion under Rule 12(b)(3) (improper venue).[2] The Fifth Circuit has held that "mandatory forum selection clauses . . . are presumed to be valid and enforceable, so that the party seeking to bar enforcement bears the heavy burden of demonstrating that the clause is unreasonable under the circumstances."[3] "'Federal law applies to determine the enforceability of forum selection clauses in both diversity and federal question cases.'"[4] If a forum selection clause provides for venue in a federal or state court in a specific county, and there is no federal courthouse in the selected county, such a forum selection clause mandates venue in the state courts sitting in that county.[5] But if a federal courthouse sits in the county,

---

[2] *See Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 901–02 (5th Cir. 2005) ("Because our court has accepted Rule 12(b)(3) as a proper method for seeking dismissal based on a forum selection clause, we need not decide whether a Rule 12(b)(1) motion would be appropriate.").

[3] *New S. Equip. Mats, LLC v. Keener*, 989 F.Supp.2d 522, 526 (S.D. Miss. 2013) (citing *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 301 (5th Cir. 1998)).

[4] *Alliance Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008) (quoting *Braspetro Oil Servs. Co. v. Modec (USA),* 240 Fed. Appx. 612, 615 (5th Cir. 2007)).

[5] *See, e.g., Collin Cty. v. Siemens Bus. Servs., Inc.*, 250 Fed. Appx. 45, 52 (5th Cir. 2007) (concluding that when a venue clause limits actions to a federal or state court in a particular county

venue in that federal district court is proper.[6]

### III.

The forum selection clause at issue in this case says that "[a]ny dispute arising in any manner under this Agreement is to be brought or commenced in federal or state court located in Rockwall County, Texas."

The plain language of this contract requires that cases arising out of the contract be brought in Rockwall County, Texas. The phrase "is to be brought" does not use permissive language such as "may be brought," "can be brought," or "should be brought." The phrase "is to be brought" is in the imperative and the grammatical equivalent of "will be brought," "shall be brought," and "must be brought." Under the law, this is a mandatory selection clause specifying the only forum for any dispute arising from the contract be brought in the courts, federal or state, in Rockwall County, Texas. It is functionally identical to saying that "any dispute arising in any manner under this Agreement is to be brought or commenced *in the courts* located in Rockwall County, Texas." But, the Northern District of Texas does not have a courthouse in Rockwall County, Texas.

In *Alliance Health Grp., LLC v. Bridging Health Options, LLC*, the Fifth Circuit held that that case was properly brought in a federal court because there was a federal courthouse in the county at issue.[7] It held this while distinguishing the case

---

and there is no federal courthouse in that county, the lack of a federal courthouse renders the venue clause a waiver of federal removal rights).

[6] *See Alliance Health Grp., LLC*, 553 F.3d at 400 (applying *Collin County* to determine that "the clause at hand, providing for venue in a specific county, permits venue in either federal or state court, because a federal courthouse is located in that county").

[7] 553 F.3d at 399.

from three other cases involving similar clauses to the venue clause in this case: *Collin County v. Siemens Bus. Servs., Inc.*, *Navickas v. Aircenter, Inc.*,[8] and *First National of North America, LLC v. Peavy*.[9] Each of those cases involved a clause almost identical to the one in this case—requiring litigation in courts located in a particular county. They did not involve clauses that permitted a case to be brought in a specific county or brought in a court governing or encompassing a named county, but in courts that were located in a particular county. The Court finds that the present case aligns with the facts and law expressed in this precedent and holds that the proper venue for this case are courts within the boundaries of Rockwall County, Texas.

IV.

Given Fifth Circuit precedent on interpreting mandatory forum selection clauses, and because the Fifth Circuit has held that these clauses are not only enforceable, but must be enforced unless the opposing party overcomes "the heavy burden of demonstrating that the clause is unreasonable under the circumstances,"[10] a burden the plaintiffs have not met, this case is to be litigated in the courts found in Rockwall County, Texas. The Court therefore **GRANTS** both Massenburg's motion to dismiss [Doc. No. 19] and Lawton's motion to dismiss [Doc. No. 20] under Rule

---

[8] 2003 WL 21212747 (E.D. Tenn. Apr. 10, 2003).

[9] 2002 WL 449582 (N.D. Tex. Mar. 21, 2002).

[10] *New South Equipment Mats, LLC*, 989 F.Supp.2d at 526 (citing *Afram Carriers, Inc.*, 145 F.3d at 301).

4

12(b)(3), and it **DISMISSES** all claims against Massenburg and Lawton **WITHOUT PREJUDICE**.

    **IT IS SO ORDERED** this 28th day of April 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE